# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH D. JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22-CV-588 CDP |
| CITY OF ST. LOUIS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff's motion for leave to commence this employment discrimination action without payment of the required filing fee. ECF No. 2. Having reviewed the application and financial information provided, the Court has determined to grant the motion. *See* 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

## The Complaint

On May 27, 2022, plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.,* for employment discrimination on the basis of race and disability. Plaintiff appears to name six defendants: (1) the City of St. Louis; (2) Sheena Hamilton; (3) Richard T. Bradley; (4) Rick Ernst; (5) Michael Seemiller; and (6) Mayor Tishaura O. Jones. Plaintiff provided a copy of the charge of discrimination he filed with the Equal Opportunity Commission ("EEOC") and right

to sue letter. ECF No. 1-4. The right to sue letter is dated February 24, 2022. *Id.* at 1. It therefore appears plaintiff has timely brought this action.[1]

In the section designated to specify the alleged discriminatory conduct, plaintiff checked the boxes for termination of his employment, terms and conditions differed from those of similar employees, retaliation, and harassment. He did not, however, state the facts of his discrimination claim or describe the actual conduct he believes to be discriminatory. Instead, plaintiff generally directs the Court to review his attachments. *Id.* at 6 ("See Jones vs. City of St. Louis Documents (A)"). The attachments consist of a letter written by plaintiff, dated February 15, 2022; his right to sue letter; the charge of discrimination; and his employer's response to the charge of discrimination. ECF No. 1-1 to 1-5.

For relief, plaintiff seeks reinstatement of his job, reimbursement for "lost wages, lost sick time, vacation," to "penalize all that were involved," and a monetary amount of "250.000." *Id.* at 8.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Plaintiff presumably received his right-to-sue letter from the EEOC within three to five days of February 24, 2022, the date it was issued. *See, e.g., Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n. 1 (1984) (noting a rebuttable presumption that a claimant receives correspondence from an agency three days after it was mailed); *but see, Barnes v. Riverside Seat Co.,* 46 Fed. Appx. 385, 285 (8th Cir. 2002) (citing with approval application of five-day presumption); *Walton v. U.S. Dept. of Agriculture,* 2007 WL 1246845 at *8 (E.D. Mo. Apr. 30, 2007) (same). Plaintiff filed this action ninety-two (92) days after his right-to-sue letter was issued.

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

## Discussion

Title VII only provides a remedy against an "employer," defined as a "person engaged in an industry affecting commerce who has fifteen or more employees." *See* 42 U.S.C. §§ 2000e(b); 2000e-2(a). The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997); *see Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). Like the law under Title VII, there is also no individual liability for co-workers or supervisors under the ADA, only employers. *See Kirkman v. Faurecia Emissions Control Technologies, Inc.*, 2020 WL 1275618, at *3 (E.D. Mo. Mar. 17, 2020) (compiling cases); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999). Thus, the Court will direct plaintiff to amend his complaint on a Court-provided form so he may name only his employer as a defendant in this action.

Additionally, the Court notes that the instant employment discrimination complaint is subject to dismissal because plaintiff has failed to submit a clear statement of the claim describing how he suffered employment discrimination on the basis of his race and disability. Merely checking boxes in a form complaint and directing the Court to a set of attachments is not a proper

3

substitute for asserting a statement of the claim. Even self-represented plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15. In consideration of plaintiff's self-represented status, the Court will give him the opportunity to file an amended complaint.

If plaintiff wishes to assert race and disability discrimination claims, he must clearly state his race and disability, and then carefully describe the adverse employment action he believes was taken *and* why it amounted to discrimination. To establish a prima facie case of Title VII discrimination, a plaintiff must show: (1) he is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of his protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted). To establish discrimination under the ADA, plaintiff must allege he (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of his disability. *See Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The claims he asserts in his amended complaint must be like or reasonably related to the claims outlined in his charge, or they will be subject to dismissal for failure to exhaust administrative remedies. *See Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

Although plaintiff appropriately attached his charge of discrimination and right to sue letter to his initial pleading, he must re-attach these documents to his amended complaint because the amended complaint will replace the original complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a

short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 10 requires plaintiff to state his factual allegations in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff should clearly articulate his race and disability and articulate the adverse action(s) he believes were taken against him as a result of the discriminatory conduct he received. Plaintiff's amended complaint must be on a Court form, which will be provided to him. Plaintiff must also complete the entire form complaint.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty days to file an amended complaint along with the required documents. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

**Motion for Appointment of Counsel**

Plaintiff has also filed a motion to appoint counsel. ECF No. 3. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days** from the date of this Memorandum and Order. **Plaintiff must re-attach copies of his EEOC right-to-sue letter and charge of discrimination with his amended complaint.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 9th day of June, 2022.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE