# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEITH D. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-588 JMB |
| CITY OF ST. LOUIS and MAYOR TISHAURA O. JONES, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Keith D. Jones's amended employment discrimination complaint. ECF No. 5. For the reasons explained below, the Court will allow this case to proceed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.[1] To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

---

[1] Plaintiff requested leave to proceed *in forma pauperis*, and the Court granted the request on June 9, 2022. ECF Nos. 2, 4.

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented litigant's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff initiated this action on May 27, 2022 by filing an employment discrimination complaint against his former employer, the City of St. Louis, and five other defendants: Sheena Hamilton, Richard T. Bradley, Rick Ernst, Michael Seemiller, and Mayor Tishaura O. Jones. ECF No. 1. The complaint was on a Court-provided form, and plaintiff checked the boxes indicating he was bringing his lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §§ 2000e, *et seq.* ("Title VII"); the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"); and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.* ("Rehab Act"), for employment discrimination on the basis of race and disability. Plaintiff specified the discriminatory conduct as termination of his employment, terms and conditions differed from those of similar employees, retaliation, and harassment.

Attached to his complaint was the charge of discrimination he filed with the Equal Opportunity Commission ("EEOC") and Notice of Right-to-Sue Letter. ECF No. 1-4. Within his charge of discrimination, plaintiff alleged discrimination based on race, disability, and retaliation. The Right-to-Sue Letter is dated February 24, 2022. *Id.* at 1.

On June 9, 2022, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and determined it was subject to dismissal because he failed to submit a clear statement of the claim describing how he suffered employment discrimination and retaliation on the basis of his race and disability. In consideration of plaintiff's self-represented status, the Court gave him the opportunity to file an amended complaint.

**Discussion**

Plaintiff filed his amended employment discrimination complaint on July 8, 2022 against his former employers, who he names as the City of St. Louis and Mayor Tishaura Jones. ECF No. 5. Plaintiff again specifies he is bringing this action pursuant to Title VII, the ADA, and the Rehab Act for employment discrimination on the basis of race and disability. Plaintiff provided his statement of claim in numbered paragraphs indicating he is an African American male with diabetes who was employed by the City of St. Louis for twenty-five years as an electrician. He states he was treated differently than his Caucasian, non-diabetic co-workers and that his

employment was terminated because of his race. For relief, plaintiff seeks the reinstatement of his job, compensation for lost wages and benefits, and a monetary amount of $250,000.

The allegations in plaintiff's amended complaint for race and disability discrimination were similarly addressed in his charge of discrimination. *See* ECF No. 1-4. The EEOC Notice of Right-to-Sue Letter is dated February 24, 2022. *Id.* at 1. It therefore appears that plaintiff's lawsuit is timely,[2] and he has exhausted his administrative remedies. Plaintiff remedied the pleading deficiencies found in his original complaint by filing an amendment and providing a statement of claim describing why he believes he was discriminated and retaliated against on the basis of his race and disability. Although plaintiff failed to reattach the charge of discrimination and Notice of Right-to-Sue Letter to the amended complaint, the Court will allow this case to proceed against his alleged employers.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on defendants City of St. Louis and Mayor Tishaura Jones pursuant to the waiver of service agreement that the Court maintains with the City Counselor's Office.

Dated this 12th day of September, 2022.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff presumably received his Right-to-Sue Letter from the EEOC within three to five days of February 24, 2022, the date it was issued. *See, e.g.*, *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n. 1 (1984) (noting a rebuttable presumption that a claimant receives correspondence from an agency three days after it was mailed); *but see, Barnes v. Riverside Seat Co.*, 46 Fed. Appx. 385, 285 (8th Cir. 2002) (citing with approval application of five-day presumption); *Walton v. U.S. Dept. of Agriculture*, 2007 WL 1246845 at *8 (E.D. Mo. Apr. 30, 2007) (same). Plaintiff filed this action ninety-two (92) days after his right-to-sue letter was issued.